IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANSLY R.L.J.,<br><br>Petitioner,<br><br>vs.<br><br>CHRISTOPHER CHESTNUT, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-08840-MWJS<br><br>ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART<br><br>A# 215-861-034 |

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART**

Petitioner Fransly R.L.J.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, and an application for temporary restraining order, Dkt. No. 2.

After Petitioner entered the country without inspection, immigration authorities served a notice to appear in October 2018, and commenced removal proceedings. *See* Dkt. No. 6, at pg. 6. Immigration officers next encountered Petitioner outside the Contra Costa County Jail on October 25, 2026, and they detained him. *Id.* at pg. 12.

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention without a pre-deprivation hearing violates his due process rights. Dkt. No. 1, at pg. 19. Petitioner seeks either his immediate release or a bond hearing. *See id.* at pg. 22.

This court and others have granted relief in many prior cases with similar facts. *See, e.g., Jayner E.V.S. v. Warden Cal. City Det. Ctr.*, No. 1:26-cv-03554-MWJS, 2026 WL 1330817 (E.D. Cal. May 12, 2026); *A.C.F. v. Warden California City Det. Ctr.*, No. 1:26-cv-02961-MWJS, 2026 WL 1257064 (E.D. Cal. May 7, 2026). The court therefore called on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior cases such as the ones listed above." Dkt. No. 5. The court has received and appreciates Respondents' timely response. Dkt. Nos. 6, 7.

Although Respondents acknowledge that Petitioner is currently detained under 8 U.S.C. § 1226(a) and is entitled to a statutory bond hearing, they do not otherwise address the facts or outcomes of the cases cited above, where the court ordered a post-deprivation, constitutional bond hearing, with the government bearing the burden of proof. The court has again considered the cases cited above and others like them and concluded that they reached the correct result.

Given the foregoing, the petition is GRANTED in part as to Count I, for the reasons set forth in the cases cited above and many others like them. Respondents are therefore ENJOINED AND RESTRAINED from continuing to detain Petitioner unless

they demonstrate, within seven days of the date of this order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing. If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available.

Given the foregoing, the TRO application, Dkt. No. 2, is DENIED AS MOOT, and Petitioner's remaining claims in the petition are DISMISSED without prejudice. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: October 29, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge